IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| MICHAEL J. GUINN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-1358 |
| RYAN D. MCCARTHY, Secretary of the Army, ET AL. | ) ) ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Petitioners' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Petitioner Michael Guinn is a military servicemember currently confined in military prison at Ft. Leavenworth, Kansas. In 2017, Petitioner was convicted of sexual abuse of a child under the age of 12 in violation of Article 120b of the Uniform Code of Military Justice, 10 U.S.C. § 920b (2012), before a General Court Martial. As relevant here, Petitioner was sentenced to a four-year term of confinement, which commenced on September 26, 2017.

The Military's Inmate Visitation Policy (the "Visitation Policy") in effect when Petitioner began serving his sentence provided that inmates convicted of a child sexual offense were prohibited from having any contact with minor children, to include

their own children, unless that inmate received an "exception." An exception was available for inmates that completed the prison's Sex Offender Treatment Group program. As a condition of entry into the treatment program, the inmate was required to first admit guilt to his or her crimes.

Petitioner, who has three minor children, alleges that he was ineligible to participate in the Sex Offender Treatment group because he refused to take responsibility for his crimes. As a result, Petitioner could not receive an exception to the Visitation Policy and was prohibited from contacting his children until the Visitation Policy was amended, some 18 months after he began his incarceration. Petitioner alleges that during the 18 months that he was unable to contact his children he was "deprived of his fundamental parental rights" in violation of the First and Fifth Amendments of the United States Constitution.

This is Petitioner's second lawsuit arising out of his confinement. Petitioner's first lawsuit (19-cv-548) contained nearly identical allegations but sought a Writ of Mandamus. The Court dismissed Petitioner's first lawsuit on September 10, 2019 for lack of subject matter jurisdiction, finding that Petitioner could not satisfy the strict requirements necessary to warrant mandamus relief because Petitioner had no clear right to the relief sought (money damages and a sentence reduction).

In this matter, Petitioner filed a petition for a writ of habeas corpus and again seeks money damages and a sentence reduction. Respondents' motion to dismiss argues that the Court lacks jurisdiction over his petition because Petitioner did not file in the district where he is currently confined. Respondents also argue that Petitioner fails to state a claim for reasons that are addressed below.

Federal Rule of Civil Procedure 12(b)(1) "enables a party to move for dismissal by challenging a court's jurisdiction over a subject matter." Medtronic, Inc. v. Lee, 151 F. Supp. 3d 665, 671 (E.D. Va. 2016). In deciding a 12(b)(1) motion, the court must ascertain whether "plaintiff's allegations, standing alone and taken as true, plead[] jurisdiction and a meritorious cause of action." Dickey v. Greene, 729 F.2d 957, 958 (4th Cir. 1984). "The burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The burden to defeat a motion to dismiss for failure to state a claim is similarly well-established. On a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 423 (4th Cir. 2018). The complaint must provide a short and plain statement showing that

3

the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss. Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Respondents argue that the Court does not have subject matter jurisdiction over this matter because Petitioner did not file this case in the district where he is confined. Respondents rely on Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) for the proposition that "[w]henever, a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Respondents further cite to cases which have held that District Courts lack subject matter jurisdiction of habeas petitions filed in districts where a petitioner was not confined. E.g. Scott v. United States, 586 F. Supp. 66, 68 (E.D. Va. 1984) ("[T]his Court finds that it does not have jurisdiction to consider Petitioner Scott's habeas corpus petition since neither Scott nor his custodian . . . are within the jurisdiction of this Court.").

Petitioner responds by relying on Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) for the proposition that he may bring suit in the Eastern District of Virginia because that is where his "custodians" are located. Petitioner further argues that his status as an inmate in Kansas does not limit him to filing his petition there because he complains of "no nexus to

his immediate custodian in Kansas." Instead, Petitioner argues that he is challenging the policy and programming oversight functions of the United States Army Corrections System, which is headquartered in Arlington, Virginia and is within this District.

The law is clear that "nothing in Braden supports departing from the immediate custodial rule in the traditional context of challenges to present physical confinement[.]" Padilla, 542 U.S. at 438. That is, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447. It is apparent that Petitioner's "immediate custodians" are in Kansas and because he is challenging conditions of his physical confinement, he may not file his habeas petition outside of that district. Accordingly, the Court finds that it lacks jurisdiction over his petition. See Scott, 586 F. Supp. at 68.

Respondents also advance three arguments that Petitioner's complaint fails to state a claim, even if the Court had subject matter jurisdiction. First, Respondents argue that Petitioner has not exhausted his military remedies. Second, Respondents argue that Petitioner does not claim he is being "held in violation of Federal law." Third, Respondents argue that monetary damages cannot be recovered by a habeas action, relying on Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

In response to Respondents' first argument, Petitioner argues that the Army Court of Criminal Appeals denied his request for relief "under the premise that another court was better suited to hear Petitioner's claims" and that it stated that a federal court was better suited to evaluate and provide relief for his constitutional claims. However, the Court also understands that the Court of Appeals for the Armed Forces, which has discretionary review over the Army Court of Criminal Appeals, has accepted review of Petitioner's case and has recently issued a briefing order. Petitioner contends that the Army Court of Criminal Appeals' statement that this matter would be better suited for federal court review is akin to a mandate, requiring that he file his case in federal court despite his currently pending appeal to the Court of Appeals for the Armed Forces.

The Court finds that Petitioner has failed to exhaust the military remedies available to him such that the Court's review of this matter is inappropriate at this time. The Court cannot accept the Army Court of Criminal Appeals' statement that a federal court would be better suited to hear Petitioner's case as means of circumventing the well-established rules of exhaustion, particularly where Petitioner has successfully obtained review by the Court of Appeals for the Armed Forces and his case there is still pending. See Schlesinger v. Councilman, 420 U.S. 738, 758 (1975) ("federal courts normally will not entertain habeas

petitions by military prisoners unless all available military remedies have been exhausted."); Noyd v. Bond, 395 U.S. 683, 693 (1969) ("habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain."); Hennis v. Hemlick, 666 F.3d 270, 277 (4th Cir. 2012) (the exhaustion requirement "applies as long as there is an available, unused remedy which may result in relief."). Because Petitioner's appeal to the Court of Appeals for the Armed Forces has been accepted for review and is pending, he has failed to exhaust his military remedies and this Court's review is not appropriate, even assuming it had jurisdiction over the matter.

Respondents next argue that habeas petitions are only proper where a petitioner claims he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C § 2241(c)(3), but that Petitioner merely challenges the *conditions* of his confinement. Petitioner responds that a challenge to his right to access his biological children is implicates a potential violation of his constitutional rights such that habeas is appropriate. The Court agrees with Respondents. The Court finds that Petitioner's allegations that the conditions of his confinement are unconstitutional are distinct from alleging that his custody violates federal law. "It is settled that habeas claims must challenge in some way the fact or duration of the prisoner's

7

confinement . . . [where] the challenge is to conditions of confinement, the claim must be brought as a civil rights action." Martinez v. Brooks, 2004 U.S. Dist. LEXIS 32472, at *7 (E.D. Va. July 26, 2004) (citing Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1993) and Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)). Again, assuming the Court found that it had subject matter jurisdiction over this matter, Petitioner's claims should be dismissed for failing to allege that his custody violates a federal law.

Finally, Respondents argue that monetary relief is not a recoverable remedy for a habeas claim, but Petitioner responds that the deprivation of the right to contact his children "increased the severity" of his confinement such that he is entitled to monetary relief. The law, however, is clear that if Petitioner wishes to recover monetary relief, habeas corpus is not the appropriate vehicle. Preiser v. Rodriquez, 411 U.S. 475, 494 (1973).

For the foregoing reasons, the Court concludes Respondents' motion to dismiss should be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 13, 2020